# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTONIO SHEPPARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 07-cv-440-MJR |
| | ) | |
| SARA  REVELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate at USP Hazelton, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority.  *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May 18, 2009).

## THE COMPLAINT

Liberally construing the complaint and attached exhibits, it appears that Plaintiff Sheppard was transferred to FCI Greenville in 2002. Plaintiff states that upon his arrival at FCI Greenville he was subjected to harassment by staff and other inmates. Sheppard asserts that on or about April 11, 2006 (while confined at FCI Greenville), he was attacked by another prisoner. Sheppard reported the attack the next day and was examined by Defendant Goldstein who observed that Sheppard had "an abrasion mid upper nose, no bleeding or open areas noted." Nevertheless, Sheppard complained of pain and, therefore, Goldstein noted Sheppard's medical records for a follow-up. Exhibits attached to the complaint, indicate that Sheppard had his nose x-rayed several times. None of the x-rays has shown that Sheppard's nose was broken. Sheppard insists that mere x-rays, alone, cannot shown broken bones and has repeatedly asked for an MRI or to see a specialist. Sheppard claims that the medical staff have refused to refer him to a specialist for his nose or schedule an MRI and, therefore, he is being denied adequate medical care in violation of the Eighth Amendment.

Sheppard also contends that the April 11 attack occurred because the Defendants failed to adequately protect him from assault in violation of the Eighth Amendment.

In addition to his claim that he was denied adequate medical care for his nose, Sheppard claims that he was not given appropriate drugs to control his psychological problems. Exhibits

attached to the complaint show that Sheppard was prescribed 20 mg of Paxil, which was then upgraded to 40 mg of Paxil in response to his complaints. Plaintiff claims that the failure to give him appropriate drugs for his psychological problems violates his Eighth Amendment rights.

Finally, Sheppard claims that he was retaliated against by being transferred to USP Hazelton, which he describes as "a worse prison."

## DISCUSSION

### A. Medical claims.

With regard to Sheppard's medical claims, the Seventh Circuit has noted:

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

In the case at hand, Sheppard has not shown that his claims rise beyond the level of

"mere disagreement." It is clear from his exhibits that the medical staff has not been deliberately indifferent to Sheppard's numerous complaints concerning his nose and his medications. Indeed, the exhibits show that Sheppard has received extensive medical attention for his medical conditions and that Sheppard merely disagrees with the diagnoses and treatment of them. Therefore, the Court finds that Sheppard has failed to state a claim upon which relief can be granted.

**B. Failure to protect claim.**

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001). Moreover, a "mere possibility of violence" or the occurrence of a random act of violence is not sufficient to impose liability

on prison officials. *See Estate of Davis v. Johnson,* 745 F.2d 1066, 1071 (7th Cir. 1984); *Ward v. Thomas,* 708 F.Supp. 212, 214 (N.D.Ill. 1989).

Sheppard has failed to allege that he was threatened by a specific inmate and reported that threat to prison officials. He has only stated that there was a mere possibility of violence due to the ongoing harassment he claims he experienced. Furthermore, from his own submitted documents it appears that the prison did investigate the incident by putting his assailant in administrative detention pending investigation. The prison took further appropriate action in responding to the threat raised by the incident by placing Sheppard in protective custody. For these reasons, Sheppard's claim that the Defendants failed to protect him should be dismissed.

### C. Retaliation claim.

The Seventh Circuit has held with regard to transfers that: "prisoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992), *citing Montanye v. Haymes*, 427 U.S. 236 (1976). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison).

However, "an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper." *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner); *Cornell*, 69 F.3d at 1389 (retaliatory discipline).

In this case, Sheppard seems to imply, but does not state directly, that he was retaliated against for requesting an MRI. A prisoner, however, does not have a constitutionally protected right to an MRI. Although the Court could construe the transfer as being in retaliation for the *request* for the MRI, Sheppard's retaliation claim would fair no better because Sheppard has failed to identify which defendants transferred him. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (a defendant must be 'personally responsible for the deprivation of a constitutional right'). Therefore, Sheppard's retaliation claim should be dismissed.

### D. Harassment claim

Sheppard claims he was harassed and punished by both correctional officers and other inmates in violation of his Eight Amendment rights because of his history of mental illness. Sheppard has a documented history of mental illness and has been prescribed Prozac. He alleges that his fellow inmates and staff found out he was depressed and began making fun of him, playing mind games, and making lots of noise to get on his nerves. He does not identify specific persons involved in the alleged harassment nor recount specific instances. Isolated, infrequent incidents of verbal abuse, though, do not give rise to an Eighth Amendment claim. *See, e.g ., Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992). Based on the allegations in the complaint, Plaintiff has failed to allege a colorable claim that his constitutional rights were violated .

DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 14th day of July, 2009.**

<u>**s/ Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**